UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| David Boston, #30666-018, | ) | C/A No.: 6:07-0250-GRA-WMC |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Donald Bauknecht, Warden, | ) | |
| FCI Williamsburg, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

I.  Background

Petitioner was convicted in the United State District Court for the Middle District of Florida on November 25, 2005 for conspiracy to manufacture and pass false and fictitious corporate checks, in violation of 18 U.S.C. § 371. He is currently serving a twenty-seven month sentence at FCI Williamsburg. His anticipated release date is December 16, 2007. Report and Recommendation, p. 1. Petitioner filed this action on January 26, 2007, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of the Bureau of Prison's ("BOP") regulations, 28 C.F.R. §§ 570.20 and 570.21, which outline the procedures for determining when an inmate will be placed in a halfway house, also known as a Residential Reentry Center

1

("RRC").  He also argues that the BOP incorrectly calculated his eligibility date for transfer to an RRC.  Respondent filed a motion to dismiss on March 26, 2007.  An order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate on March 27, 2007.  On April 13, 2007, the petitioner filed his opposition to the motion to dismiss.  The magistrate judge issued his Report and Recommendation on August 16, 1007, recommending that the respondent's motion to dismiss be denied and the petitioner's habeas writ be granted.  On October 10, 2007, Petitioner was transferred to an RRC.  *See* Declaration of Edith Weir, ¶ 3.

II.     Standard of Review

Petitioner is proceeding *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations

2

made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

III.   Analysis

Both Petitioner and Respondent timely filed objections. Since the petitioner was released to an RRC on October 10, 2007, the Court finds that the relief sought in his § 2241 petition is now moot. Therefore, the Court will only address those objections which are not moot. *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986).

A.   Respondent's Objections

The respondent first argues that the petition should be dismissed because petitioner has failed to exhaust his administrative remedies. Resp't. Objections, p. 1.

The magistrate judge concluded that it would be futile for Petitioner to have to exhaust his administrative remedies, since Petitioner is attacking the validity of 28 C.F.R. §§ 570.20 and 570.21.  Report and Recommendation, p. 3.  Several other courts have directly addressed this issue and concluded that it would be futile for a § 2241 petitioner to exhaust administrative remedies under these circumstances, because the habeas petition is attacking the validity of the BOP regulations, not their application. *See*, *e.g.*, *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005) (upholding the district court's finding that exhaustion would be futile when a petitioner attacks the validity of the BOP regulations); *Dunkley v. Hamidullah*, 2007 WL 2572256, at * 4 (D.S.C. August 31, 2007) ("exhaustion would be futile 'because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 3624(c).'") (quoting *Fagiolo v. Smith*, 326 F. Supp. 2d 589, 590 (M.D. Pa. 2004)).  Moreover, the exhaustion requirements for § 2241 petitions are not mandated by statute; rather, they are judicially imposed. *Dunkley*, 2007 WL 2572256, at * 4.  As such, courts may waive the exhaustion requirement. *Id.*  Finally, it has been observed that while the Fourth Circuit "has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions." *Id.* (citing *LaRue v. Adams*, 2006 WL 1674487, at * 8 (S.D. W. Va. June 12, 2006)).  Although it is undisputed that Petitioner failed to exhaust his administrative remedies before filing his § 2241 petition, the Court finds that exhaustion is waived.

Respondent next objects to the magistrate's finding that the BOP regulations are invalid. As previously noted, however, Petitioner's claim for habeas relief is now moot. Thus, there is no reason for the Court to address the merits of this objection.

B.    Petitioner's Objections

Petitioner argues that the magistrate failed to address his claim that the BOP erred in computing his minimum halfway house time. Pet'r. Objections, p. 1. Petitioner also objects to the magistrate's failure to adopt his position in the "Remedies" section of Petitioner's brief. *Id.* However, it is unnecessary for the Court to address the merits of Petitioner's objections, as they are now moot.

IV.    Conclusion

For the foregoing reasons, the Court accepts the magistrate's Report and Recommendation's to the extent it recounts the relevant facts and standards of law. With respect to the legal analysis of the issues now moot, the Court reserves judgment.

IT IS THEREFORE ORDERED that this petition be DISMISSED as moot.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 22, 2007
Anderson, South Carolina